UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENIFER JONES,<br>    *Plaintiff*,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of the Social Security Administration*,<br>    *Defendant*. | No. 3:16-cv-1685 (VAB) |

**ORDER ON MOTION FOR ATTORNEY'S FEES**

On August 25, 2017, the Court granted a motion of the Acting Commissioner of the Social Security Administration ("Defendant" or "Acting Commissioner"), on consent, under sentence four of 42 U.S.C. § 405(g), reversing the Acting Commissioner's decision as to Jenifer Jones ("Plaintiff") and remanding the matter to the Commissioner for further proceedings. Order Granting Motion to Remand to Agency, dated Aug. 24, 2017, ECF No. 24. On August 31, 2017, the Court entered a judgment in favor of Ms. Jones against the Acting Commissioner. Corrected Judgment, dated Aug. 31, 2017, ECF No. 27.

Three months later, on November 25, 2017, Ms. Jones moved for attorney's fees in the amount of $7,363.84 under the Equal Access to Justice Act ("EAJA"). Motion for Attorney Fees, dated November 25, 2017, ECF No. 28. More than ten months have passed since Ms. Jones filed her motion, but the Acting Commissioner has failed to respond.

"Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a)(2). As the court entered judgment in favor of Ms. Jones, she is presumptively the "prevailing party" under the EAJA and may, on a timely-filed motion, be

1

awarded reasonable attorney's fees. 28 U.S.C. § 2412. As the rates and hours sought by Ms. Jones are reasonable,[1] the only question is whether her motion was timely filed.

Under the EAJA, a party must move "within thirty days of final judgment in the action" for an award of attorney's fees. 28 U.S.C. § 2412(d)(1)(B). The Act defines "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." *Id.* § 2412(d)(2)(G).

The Supreme Court has explained that § 2412(d)(2)(G) rewrites the traditional rule that a final judgment is one that is final and appealable. *See Melkonyan v. Sullivan*, 501 U.S. 89, 95 (1991). Congress added this "unusual definition" to the statute in 1985 "to resolve a conflict in the lower courts on whether a 'judgment' was to be regarded as 'final' for EAJA purposes when it was entered, or only when the period for taking an appeal had lapsed.'" *Id.* at 95–96 (citation omitted). Thus, the Court held that a final judgment for purposes of § 2412(d)(1)(B) "means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Id.*

"In sentence four cases, the filing period begins after the final judgment ("affirming, modifying or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Id.* at 102. In cases where one party is a United States officer

---

[1] Courts in the Second Circuit have generally held that "a routine social security case requires from twenty to forty hours of attorney time." *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (collecting cases). Ms. Jones seeks attorney's fees for 38.7 hours of attorney time. Accordingly, the hours expended by her counsel were reasonable. Courts in this District have approved hourly rates between $190 and $197, based on the statutory EAJA rate and adjusted for increases in the cost of living, as reasonable rates for the years from 2014 to 2017. *See, e.g.*, *Richardson v. Berryhill*, No. 15 CV 1452, 2018 WL 3218661, at *3 (D. Conn. July 2, 2018) (approving hourly rate of $196.10 for 2016 and 2017). *Chausee v. Colvin*, No. 14 CV 905, 2016 WL 4098734, at *2 (D. Conn. July 28, 2016) (approving hourly rate of $190 for 2014, $190.25 for 2015, $191.13 for 2016); *Roman v. Colvin*, No. 15 CV 917, 2015 WL 9462061, at *4 (D. Conn. Dec. 28, 2015) (approving hourly rate of $196.10 for 2015). Accordingly, the rates sought by Ms. Jones ($184.91 for 2016 and $191.70 for 2017) are reasonable.

or employee sued in an official capacity, parties have 60 days to appeal a district court judgment. FED. R. APP. P. 4. Ms. Jones thus had ninety days to file her EAJA motion—till November 31, 2017. Accordingly, Ms. Jones's motion was timely filed.

Finally, the Court notes that Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017.[2] When a party in an official capacity resigns or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party, regardless of the party's failure to so move or to amend the case caption; the Court may also order such substitution at any time. FED. R. CIV. P. 25(d); *see also Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018); *Tanvir v. Tanzin*, 894 F.3d 449, 459 n.7 (2d Cir. 2018). Accordingly, the Clerk of the Court is respectfully directed to amend the case caption to reflect that Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, is now the named Defendant in this action.

Ms. Jones's motion for attorney's fees, ECF No. 28, is **GRANTED**. Ms. Smith is awarded attorney's fees in the amount of $7,363.84 under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of October, 2018.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] While there is arguably "some doubt about Berryhill's current legal status in light of the recent determination by the Government Accountability Office that her tenure has expired under the Federal Vacancies Reform Act," *Isureal v. Berryhill*, No. 15 CV 221, 2018 WL 1409797, at *1 n.1 (D. Conn. Mar. 21, 2018) (Meyer, J.) (citation omitted), Berryhill remains the current officeholder at this time. *See* Acting Commissioner Bio, accessed Oct. 3, 2018, https://www.ssa.gov/agency/commissioner.html.